NO. 07-00-0196-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

DECEMBER 7, 2000

______________________________

RONALD LYNN JONES, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 263RD DISTRICT COURT OF HARRIS COUNTY;

NO. 819448; HONORABLE JIM WALLACE, JUDGE

_______________________________

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

Appellant Ronald Lynn Jones has given notice of appeal from a conviction and sentence in the 263rd District Court of Harris County, Texas (the trial court), for Possession of a Firearm by a Felon.  The clerk of the court of appeals (the appellate clerk) received and filed the trial court clerk’s record on April 3, 2000.  
Pursuant to a prior abatement and remand of this matter, on June 20, 2000, the trial court held a hearing to determine appropriate action to assure timely prosecution of this appeal if appellant desired to prosecute the appeal.  A Supplemental Transcript and Supplemental Reporter’s Record reflecting the trial court proceedings on remand have been filed with the appellate clerk.  The Supplemental Transcript and Supplemental Reporter’s Record document that appellant desires to prosecute this appeal, and that appellant has retained counsel for this appeal.  The trial court directed that retained counsel continue as appellant’s counsel on appeal.  

By letter dated July 5, 2000, the appellate clerk advised counsel for appellant and the State that the Reporter’s Record had been filed on June 30, 2000.  By letter dated November 6, 2000, counsel for appellant was advised that appellant’s brief was due to be filed no later than September 29, 2000, the brief had not been filed, no motion to extend time for filing of the brief had been filed, and that if no satisfactory response to the letter was received by November 16, 2000, the appeal would be abated to the trial court pursuant to Tex. R. App. P. 38.8.  

Counsel for appellant has not filed any response to the appellate clerk’s letter of 
November 6, 2000.  The appellate clerk’s record reflects no further action to prosecute the appeal.  

Accordingly, this appeal is abated and the cause is remanded to the trial court.  
Tex. R. App. P. 
38.8(b)(2).  Upon remand, the judge of the trial court is directed to immediately cause notice to be given of and to conduct a hearing to determine: (1) whether appellant desires to prosecute this appeal; (2) if appellant desires to prosecute this appeal, then whether appellant is indigent, and if not indigent, whether counsel for appellant has abandoned the appeal; (3) if appellant desires to prosecute this appeal, whether appellant’s present counsel should be replaced; and  (4) what orders, if any, should be entered to assure the filing of appropriate notices and documentation to dismiss appellant’s appeal if appellant does not desire to prosecute this appeal, or, if appellant desires to prosecute this appeal, to assure that the appeal will be diligently pursued.  If the trial court determines that the present attorney for appellant should be replaced, the court should cause the clerk of this court to be furnished the name, address, and State Bar of Texas identification number of the newly-appointed or newly-retained attorney.  

The trial court is directed to: (1) conduct any necessary hearings; (2) make and file appropriate findings of fact, conclusions of law and recommendations, and cause them to be included in a supplemental clerk’s record; (3) cause the hearing proceedings to be transcribed and included in a reporter’s record; (4) have a record of the proceedings made to the extent any of the proceedings are not included in the supplemental clerk’s record or the reporter’s record; and (5) cause the records of the proceedings to be sent to this court.  
Tex. R. App. P. 
38.8(b)(3).
  In the absence of a request for extension of time from the trial court, the supplemental clerk’s record, reporter’s record of the hearing and proceedings pursuant to this order, and any additional proceeding records, including any orders, findings, conclusions and recommendations, are to be sent so as to be received by this court not later than January 19, 2001.    

So ordered.

Per Curiam

Do not publish.